**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HICO FLEX BRASS COMPANY, INC., | ) | Case No. 10-54005 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |

**NOTICE OF ENTRY OF INTERIM ORDER AUTHORIZING
USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIEN
AND FINAL HEARING ON THE USE OF CASH COLLATERAL**

    PLEASE TAKE NOTICE THAT on December 12, 2010, the Bankruptcy Court for the Northern District of Illinois (the "*Bankruptcy Court*") entered an Interim Order Authorizing Use of Cash Collateral and Granting Replacement Lien in the above captioned bankruptcy case, a copy of which Order is attached hereto.

    PLEASE TAKE FURTHER NOTICE THAT there will be a final hearing on the captioned debtor's Emergency Motion for Entry of Interim Order Authorizing the Use of Cash Collateral (the "*Cash Collateral Motion*") on **January 3, 2011 at 10:00 a.m**. in Room 613 of the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois before the Honorable before the Honorable A. Benjamin Goldgar, United States Bankruptcy Judge for the Northern District of Illinois, Eastern Division.

    Any person or entity may obtain a copy of the Cash Collateral Motion upon request to: Ms. Sara E. Lorber, The Law Office of William J. Factor, Ltd., 105 W. Madison Street, Suite 400, Chicago, Illinois 60602; slorber@wfactorlaw.com.

Dated: December 14, 2010.      HICO FLEX BRASS COMPANY, INC.


    By: /s/ Sara E. Lorber
        One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
THE LAW OFFICE OF
    WILLIAM J. FACTOR, LTD.
1363 Shermer Road, Suite 224
Northbrook, IL 60062
Tel:    (847) 239-7248
Fax:    (847) 574-8233
Email: wfactor@wfactorlaw.com
       slorber@wfactorlaw.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HICO FLEX BRASS COMPANY, INC., | ) | Case No. 10-54005 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |

## INTERIM ORDER AUTHORIZING USE OF CASH
## COLLATERAL AND GRANTING REPLACEMENT LIEN

This matter having come before the Court for hearing on the Debtor's Emergency Motion for Authority to Use Cash Collateral (the "*Cash Collateral Motion*") filed by Hico Flex Brass Company, Inc. (the "*Debtor*"), pursuant to §§ 361 and 363 of Title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Local Bankruptcy Rule 4001-2, seeking authority to use cash collateral;[1]

**THE COURT HEREBY FINDS:**

A.    <u>Petition Date</u>. On December 6, 2010 (the "*Petition Date*"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "*Case*").

B.    <u>Debtor in Possession</u>. The Debtor has continued in the management and possession of its business and property as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No Official Committee of Unsecured Creditors has been appointed in this Case as of the date hereof.

---

[1] Capitalized terms not otherwise defined herein or in the Bankruptcy Code shall have the meaning ascribed thereto in the Cash Collateral Motion.

C. <u>Jurisdiction and Venue</u>. This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D. <u>Bank of America's Prepetition Claim.</u> Bank of America (the "*Bank*") asserts that, as of the Petition Date, it holds a secured claim against the Debtor in the amount of approximately $1.2 million (the "*Prepetition Claim*") and that all cash now or hereinafter in the possession of the Debtor constitutes "cash collateral" under § 363 of the Bankruptcy Code.

**Based upon the foregoing findings and conclusions, the Cash Collateral Motion, and the record before the Court with respect to the Cash Collateral Motion, and good and sufficient cause appearing therefor,**

**IT IS HEREBY ORDERED that:**

1. <u>Authorization to Use Cash Collateral</u>. Subject to the terms and conditions of this Order, the Debtor may use cash collateral to pay actual, ordinary, and necessary expenses set forth in the Budget attached hereto as Exhibit "A," or as such Budget may be modified in writing with the prior written consent of the Bank, which consent shall not be unreasonably withheld (the "*Budget*") including payments to the Bank in accordance with 11 U.S.C. § 506(b) of (a) monthly interest on the Bank's Prepetition Claim at the regular, non-default interest rate specified in the parties' prepetition loan documents, and (b) all customary charges and fees imposed upon the Debtor in connection with maintaining and administering any of the Debtor's accounts at the Bank, including any stop payment charges or NSF fees and any other expenses approved by this Court. Absent further order of Court or the consent of the Bank, the Debtor shall not be authorized to use cash collateral to pay any items in excess of 115% of the amount set forth in the Budget, either by line item or in the aggregate, measured on a monthly. The Budget, and the

Debtor's corresponding authority to use the Bank's cash collateral, may be modified and extended with the prior notice to and consent and agreement of the Bank.

2. <u>Adequate Protection Liens.</u> To the extent the value of the Prepetition Collateral is less than the Prepetition Claim as a result of the Debtor's use of cash collateral (a "*Deficiency*"), the Court grants the Bank, pursuant to §§ 361 and 363(e) of the Bankruptcy Code, a post-petition security interest in and lien upon the same type or form of collateral now owned or hereafter acquired by the Debtor that secured the Prepetition Claim as Prepetition Collateral as of the Petition Date and that is owned by the Debtor (the "*Adequate Protection Collateral*"), without the necessity of creating, filing, recording, or serving any financing statements or other documents that might otherwise be required under federal or state law in any jurisdiction or the taking of any other action to validate or perfect the Bank's lien on such Adequate Protection Collateral. The grant of adequate protection provided herein is without prejudice to the Bank's right to seek (a) additional adequate protection of its interests in the Debtor's property, or (b) to terminate or modify the automatic stay.

3. <u>Adequate Protection Superpriority Claims.</u> Pursuant to §§ 503(b) and 507(b) of the Bankruptcy Code and to the extent of any Deficiency, the Court grants to the Bank an allowed superpriority administrative expense claim (the "*Adequate Protection Superpriority Claim*"). The Adequate Protection Superpriority Claim shall be junior to all prior perfected and unavoidable secured claims in property of the Debtor's estate as of the Petition Date and to the quarterly fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930; or the fees and expenses of the Clerk of this Court.

4. <u>The Debtor's Obligations.</u> The Debtor shall maintain insurance of the kind covering the Collateral, including, without limitation, life, fire, hazard, comprehensive, public

3

liability, and workmen's compensation as may be currently in effect, and obtain such additional insurance in an amount as is appropriate for the businesses in which the Debtor is engaged. So long as this Order is in effect, the Debtor shall not attempt to grant any entity, other than the Bank, a lien or security interest in any assets of the Debtor, including cash collateral and all other assets subject to the Adequate Protection Liens, pursuant to Bankruptcy Code § 364 or otherwise, having priority over or parity with the Bank' secured interests in such assets without the prior express written consent of the Bank so long as this Interim Order is in effect. The Debtor shall promptly provide the Bank with copies of all financial reports made to the Court or to the United States Trustee, including, without limitation, the monthly operating report for the prior month that the Debtor is required to file with the United States Trustee's office, along with all reports of revenues and expenses, and all other reports of financial data given by the Debtor to any other party, or reasonably requested by the Bank. Without limiting the foregoing, Debtor shall provide the Bank, to the extent available, with bi-weekly reports which include but are not limited to: (a) all sales generated by the Debtor; (b) all accounts receivable generated by the Debtor and collected; (c) all monies received by the Debtor; and (d) an itemization of all of the Debtor's income and expenditures with the same level of line item detail as set forth in the Budget and with an explanation of any adverse variation to the Budget. Without limiting the foregoing, the Debtor shall provide the Bank with copies of any inventories or appraisals conducted or obtained covering any and all goods including inventory and equipment located on the premises of Debtor.

~~5.    Retention of Jurisdiction. The Court has and will retain jurisdiction to enforce~~ ~~this Order according to its terms.~~ «EP

4

6. The Cash Collateral Motion is set for a final hearing on January 3, 2011, ~~2010~~

at 10:00 am.

ENTER:

10 DEC 2010

_____
United States Bankruptcy Judge

5

# EXHIBIT A

## STATEMENT OF PROJECTED CASH FLOWS
## ON A MONTHLY BASIS FOR
## HICO FLEX BRASS CO, INC.

|  |  |  | December 2010 |
|---|---|---|---|
| Revenues |  |  | $ 35,420 |
| Cost of goods sold: |  |  |  |
|   Materials |  | 3,542 |  |
|   Freight out |  | 2,125 |  |
|   Commissions |  | 1,230 |  |
|   Direct Labor |  | 1,381 |  |
|   Payroll taxes |  | 106 |  |
|   WC and business insurance |  | 3,901 |  |
|     Total cost of goods sold |  |  | 12,285 |
| Gross profit |  |  | 23,134 |
|  |  |  |  |
| General and administrative expenses: |  |  |  |
|   Auto expenses |  |  |  |
|     fuel & maintenance | 250 |  |  |
|     insurance | 100 |  |  |
|     Total auto expenses |  | 350 |  |
|   Bank service charges |  | 150 |  |
|   Insurance |  |  |  |
|   Interest |  | 8,800 |  |
|   Legal and accounting |  |  |  |
|   Office supplies and expenses |  | 35 |  |
|   Postage |  | 50 |  |
|   Rent |  |  |  |
|   * Salaries - Officers |  | 5,000 |  |
|   Salaries - General |  | 4,587 |  |
|   Security system |  | 510 |  |
|   Taxes - payroll |  | 351 |  |
|   Telephone and internet |  | 1,120 |  |
|   Utilities |  | 1,284 |  |
|     Total general & administrative expenses |  |  | 22,237 |
|     Net projected monthly cash flows |  |  | $ 898 |

* Officer's salary will be paid based on available cash flows