**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HICO FLEX BRASS COMPANY, INC., | ) | Case No. 10-54005 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |

**NOTICE OF SECOND AND FINAL APPLICATION
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF THE LAW OFFICE OF WILLIAM J. FACTOR, LTD.**

**PLEASE TAKE NOTICE** that on May 14, 2012, The Law Office of William J. Factor, Ltd. (the "*Firm*") filed its *Second and Final Application for Compensation and Reimbursement of Expenses of The Law Office of William J. Factor, Ltd.* (the "*Application*") with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. In the Application, the Firm seeks interim compensation in the amount of $14,210.00 and reimbursement of expenses in the amount of $37.82.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Application will be held before the Honorable A. Benjamin Goldgar, United States Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Courtroom 613, located at 219 South Dearborn Street, Chicago, Illinois 60604, **on Monday, June 4, 2012,** at **10:00 a.m**. **prevailing Central Time**, or as soon thereafter as the undersigned counsel may be heard.

Dated:  May 14, 2012

Respectfully submitted,

THE LAW OFFICE OF WILLIAM J.
FACTOR, LTD.

By:  /s/ Sara E. Lorber

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF
 WILLIAM J. FACTOR, LTD.**
105 W. Madison St., Suite 1500
Chicago, Illinois 60602
Tel: (847) 239-7248
Fax: (847) 574-8233
Email: wfactor@wfactorlaw.com
 slorber@wfactorlaw.com

## **CERTIFICATE OF SERVICE**

I, Sara E. Lorber, an attorney, hereby certify that on May 14, 2012, pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused copies of the *Notice of Second and Final Application for Compensation and Reimbursement of Expenses of The Law Office of William J. Factor, Ltd.* and the *Second and Final Application for Compensation and Reimbursement of Expenses of The Law Office of William J. Factor, Ltd.* to be served upon the parties identified on the attached Service List by either U.S. Mail or through the Court's Electronic Notice for Registrants, as indicated thereon.

/s/ Sara E. Lorber

# SERVICE LIST

**Registrants in the Case - Service Through ECF**

| | |
|---|---|
| Leonard S. Becker | lenbecker@sbcglobal.net |
| William R. Brodzinski | wbrodzinski@mrvlaw.com |
| James G. Froberg | jgfroberg@lowis-gellen.com, jgfroberg@aol.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Theodore. Liebovich | liebovich-weber@comcast.net |
| Marc D. Sherman | marc@mshermanlawoffice.com, info@mshermanlawoffice.com |
| Pia N. Thompson | pthompson@gouldratner.com, bburns@gouldratner.com |

**All Creditors (without appearance in the Case) – Service by U.S. Mail**

Hico Flex Brass Company, Inc.
c/o Neil Isaacs, Officer
8103A Burden Road
Machesney Park, Illinois 61115

Adelaida Valle
6220 S Whipple
Chicago IL 60629

Alejandro Reyes
2475 W 23rd Pl
Chicago IL 60608

Allied Waste Services of Chicago
2608 S. Damen
Chicago, IL 60608

Allstate Insurance Company
2775 Sanders Road
Northbrook, IL 60062

Barnett
Lombard Pro Center
1100 Lombard Road, Suite A
Lombard, IL 60148

Blitt & Gaines P.C.
661 Glenn Ave.
Wheeling, IL 60090

Blue Cross Blue Shield of Illinois
300 East Randolph Street
Chicago, IL 60601-5099

Kutchins, Robbins & Diamond, LTD
1101 Perimeter Drive
Suite 760
Schaumburg, IL 60173

Liason Technologies, Inc.
2575 Westside Parkway
Suite 400
Alpharetta, GA 30004

Lila Isaacs
c/o Motty Stone
Schneider & Stone
8424 Skokie Blvd., Suite 200
Skokie, IL 60077

Margarita Urquiza
5423 S Christiana
Chicago IL 60632

Martin Rios
3017 S Komensky
Chicago IL 60623

Meltzer, Purtill & Stelle LLC
c/o David L. Kane
300 South Wacker Drive, Suite 3500
Chicago, IL 60606

Mesirow Insurance Services, Inc.
353 N. Clark Street
Chicago, IL 60654

2

Cbeyond
1520 Kennsington Road
Suite 300
Oak Brook, IL 60523

Chase Card Services
Mail Code KY1-0900
6714 Grande Land Bldg., 8 Suite 807
Louisville, KY 40213

Commonwealth Edison Co.
PO Box 805398
Chicago, IL 60680-5398

Cook County Treasurer
118 N. Clark Street
Suite 112
Chicago, IL 60602

Department of the Treasury
-Internal Revenue Service
PO Box 7346
Philadelphia PA 19101-7346

Elk Grove Rubber Co.
99 Commercial Ave.
Addison, IL 60101

Federal Express Corp.
Revenue Recovery/Bankruptcy
3965 Airway Blvd., Module G, 3rd Fl.
Memphis, TN 38116

Federal Express Corp.
942 South Shady Grove Rd.
Memphis, TN 38120

Fort Dearborn Life Insurance Co.
300 E. Randolph St.
Chicago, IL 60601

Harold Isaacs Revocable Trust
c/o Motty Stone
Schneider & Stone
8424 Skokie Blvd., Suite 200
Skokie, IL 60077

Hico Flex Brass Co 401(K)Plan

Neal, Gerber & Eisenberg, LLP
Two North LaSalle Street
Suite 1700
Chicago, IL 60602

New York State, Office of Counsel
Department of Taxation & Finance
Building 9, WA Harriman Campus
Albany NY 12227

Nielsen Business Media
200 W. Jackson Blvd.
Suite 2700
Chicago, IL 60606

Ningbo Jiangdong Grommet Rubber
806, No. 762, Zhongxing Rd.
Ningbo, Zhejiang
China 315040

Office Depot
6600 North Military Trail
Boca Raton, FL 33496

Omni Corporate Services, Ltd., Inc.
149 E. Garfield Rd.
Aurora, OH 44202

Paradigm Graphic Design
c/o: Activity Collection Service Inc.
664 Milwaukee Ave
Prospect Heights, IL 60074

Peoples Gas
130 East Randolph
Chicago, IL 60601

Potratz & Hollander, PC
30 N. LaSalle St.
Suite 3900
Chicago, IL 60602

Premium Assignment Corporation
401 S. Carlton
Suite 201
Wheaton, IL 60187

2

Joseph M Sulkson/Employee Benefit Security Administration
US Dept. of Labor/Chicago Regional Office
200 West Adams Street Suite 1600
Chicago IL 60606

Howard Simon & Associates
304 Saunders Road
Deerfield, IL 60015-3858

Illinois Department of Employment Security
33 South State Street
Chicago, Illinois 60603
Attn: Bankruptcy Unit - 10th Fl.

Illinois Department of Revenue
Bankruptcy Unit
100 W. Randolph St., #7-400
Chicago, IL 60601

Illinois Dept. of Employment Security
Benefit Payment Control Division
PO Box 4385
Chicago IL 60680

Impacct Sales Co.
804 Spring Valley Court
Schaumburg, IL 60193

Indiana Department of Revenue
Bankruptcy Section, N-240
100 N. Senate Ave.
Indianapolis, IN 46204

Interline Brands Inc. dba Barnett
Bankruptcy
801 West Bay Street
Jacksonville FL 32204

International Monetary Systems
2431 W. Irving Park Road
Chicago, IL 60618

Kenneth Rios
3017 S Komensky Ave
Chicago IL 60623

Kutchins Robbins & Diamond LTD

Prudential
13001 County Road 10
Minneapolis, MN 55442

PT. Ever Age Valves Metals
Jl. Raya Sumengko-Gresik Km 30.7
Wringinanom-Gresik (61176)
Jatim-Indonesia

Santana Energy Services
PO Box 200024
Houston, TX 77216-0024

Schmidt, Salzman & Moran, Ltd.
111 W. Washington St.
Suite 1300
Chicago, IL 60602

State Farm General Insurance Company
c/o James P. Moran
Mulherin, Rehfeldt & Varchetto, P.C.
211 S. Wheaton Ave., Ste. 200
Wheaton, IL 60187

Teresita E Mercado
4101 Indian Hill Dr
Country Club Hills IL 60478-4642

Tridon (IDEAL)
8100 Tridon Drive
Smyrna, TN 37167-6603

TriWest Sales
25107 Genesee Trail Rd.
Golden, CO 80401

United Parcel Service
c/o RMS Bankruptcy Recovery Services
P.O. Box 5126
Timonium, Maryland 21094

UPS Supply Chain Solutions
12380 Morris Rd.
Alpharetta, GA 30005

3

David L Diamond  
1101 Perimeter Dr., Ste. 760  
Schaumburg, IL 60173

Worldtrans Services  
115 North Main Street  
Suite 200  
Algonquin, IL 60102

4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HICO FLEX BRASS COMPANY, INC., | ) | Case No. 10-54005 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |

**SECOND AND FINAL APPLICATION FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**OF THE LAW OFFICE OF WILLIAM J. FACTOR, LTD.**

The Law Office of William J. Factor, Ltd. (the "*Firm*"), former counsel to the captioned debtor-in-possession (the "*Debtor*"), submits its Second and Final Application for Compensation and Reimbursement of Expenses (the "*Application*") for legal services performed and expenses incurred during the period of December 2, 2011, through May 9, 2012 (the "*Second Application Period*"). In support of this Application, the Firm respectfully states as follows:

**INTRODUCTION**

1. By this Application, the Firm seeks an order of this Court: (a) allowing and awarding the Firm on a final basis fees in the amount of $14,210 for professional services rendered by the Firm on behalf of the Debtor during the Second Application Period, and reimbursement of actual and necessary expenses in the amount of $37.82 incurred on behalf of the Debtor (the "*Requested Fees and Expenses*"); (b) allowing on a final basis the fees and expenses awarded to the Firm on an interim basis; and (c) authorizing and directing the Debtor to pay all unpaid allowed fees and expenses.

2. A proposed order providing for the requested relief is submitted herewith for the Court's consideration.

3.	The Firm makes this Application pursuant to (a) 11 U.S.C. §§ 105(a) and 330, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted by the Office of the United States Trustee, (d) Rule 5082-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, and (e) other applicable case law, as further discussed herein.

## JURISDICTION

4.	This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

5.	Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and/or (O).

## BACKGROUND

I.	**CASE BACKGROUND**

6.	On December 6, 2010 (the "*Commencement Date*"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1532, *as amended* (the "*Bankruptcy Code*"), thereby initiating the captioned case (the "*Case*"). Pursuant to 11 U.S.C. §§ 1107 and 1108, the Debtor remains in possession of its assets and is operating as a debtor in possession.

7.	No creditors' committee has been appointed in this Case. Further, no trustee or examiner has been requested or appointed in the Case.

2

8. The Debtor is an Illinois corporation with a principal place of business in Rockford, Illinois. It is a family business and has been in continuous operation for almost 50 years. The Debtor's primary business consists of importing and wholesaling plumbing specialty goods.

9. The level of the Debtor's business historically has been a function, in part, of the level of commercial and residential construction and renovation. Thus, when the construction industry experienced an unprecedented decline in 2008, the Debtor's business experienced reduced sales.

10. On January 24, 2011, the Court entered an Order granting the Debtor's application to employ the Firm as its counsel effective as of the Commencement Date. *See* Dkt. No. 88.

11. Prior to the Commencement Date, the Firm received two retainer payments, totaling $20,000, from the Lila Isaacs Revocable Trust, including a $5,000 payment on November 15, 2010 and a $15,000 payment on December 3, 2010. Lila Isaacs is the Debtor's sole shareholder.

12. The retainers were provided in anticipation of the Case and to cover fees incurred to prepare for the bankruptcy filing and fees incurred subsequent to the Commencement Date. Prior to the Commencement Date, the Firm incurred fees of $8,850 related to bankruptcy preparation matters (the "*Prepetition Fees*").

13. So that the Firm was not a creditor, the Firm applied the retainers to the Prepetition Fees. The amount left of the retainers after satisfaction of the Prepetition Fees is hereinafter referred as the "*Retainer.*"

14. On May 9, 2012, the Court granted the Firm's motion to withdraw as the Debtor's bankruptcy counsel. *See* Dkt. No. 235.

## II. PRIOR FEE APPLICATION

15. On March 5, 2012, the Court entered an order (a) granting the Firm's First Interim Application for Compensation and Reimbursement of Expenses, (b) awarding the Firm, on an interim basis, compensation of fees in the amount of $104,092.50 and reimbursement of expenses in the amount of $4,464.41 for the period of December 6, 2010 through December 1, 2011 (the "*First Application Period*"), (c) authorizing the Firm to apply the Retainer to the allowed fees and compensation, and (d) authorizing the Debtors to pay the allowed fees and expenses. *See* Dkt. No. 213. The Firm was not paid any amount on account of the allowed fees and expenses beyond application of the Retainer to such amounts.

## III. SUMMARY OF SERVICES RENDERED AND EXPENSES INCURRED BY THE FIRM DURING THE SECOND APPLICATION PERIOD

### A. Overview

16. During the Second Application Period, the Firm rendered 58.80 hours of legal services in representing the Debtors. Based on the nature of the services rendered, the time required, the value of the services to the Debtors and their chapter 11 estates, and the cost of comparable services other than in a case under the Bankruptcy Code, it is respectfully submitted that the compensation for these services should not be less than $14,210.

17. The following is a breakdown of the fees requested by the Firm for legal services rendered to the Debtors during the Second Application Period by: (a) professionals; (b) such professionals' (i) title, (ii) hourly rate, and (iii) total hours expended in providing legal services; and (c) the value attributable to such legal services:

4

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | 4.7 | $1,645 |
| Sara E. Lorber | Partner | $300 | 18.5 | $5,550 |
| Jeff K. Paulsen | Associate | $250 | 0.4 | $100 |
| David P. Holtkamp | Associate | $250 | 22.7 | $5,675 |
| Samuel Rodgers | Legal Assistant | $100 | 12.1 | $1,210 |
| Jim Brescoll | Legal Assistant | $100 | 0.3 | $30 |
| | | **TOTALS:** | **58.80** | **$14,210** |

18. The Firm is also seeking reimbursement of the following expenses incurred during the Second Application Period:

| DATE | EXPENSE | AMOUNT |
|---|---|---|
| 12/5/11 | Federal Express to Ruth Sandfox | $29.91 |
| 12/22/11 | Federal Express to Ruth Sandfox | $7.91 |
| | **TOTAL:** | **$37.82** |

19. All of the foregoing fees and expenses were rendered or incurred in connection with this Case and in the discharge of the Firm's professional responsibilities as counsel to the Debtor.

20. The Firm respectfully submits that its services rendered to the Debtor and expenses incurred during the Second Application Period have, in all respects, been reasonable, necessary, and beneficial to the Debtor's estate, as further discussed herein.

21. The Firm maintains contemporaneous written records of the time expended by its professionals.

22. Such records for the Second Application Period, copies of which are grouped and attached hereto as **Exhibit A**, set forth in detail: (a) the services rendered by the Firm on behalf of the Debtor; (b) the dates upon which such services were rendered; (c) the amount of time spent on the services in one-tenth of one hour increments; and (d) the identity of the professionals who performed services.

    B.   **Breakdown of Fees by Category of Services Rendered**

23. For the Court's convenience, the Firm has categorized its services to the Debtor into the following categories: (a) Case Administration; (b) Claims Administration; (c) Matters Relating to Professionals; (d) Plan of Reorganization; and (e) Matters Relating to Use of Cash Collateral.

*Case Administration (Exhibit A-1)*

24. During the Second Application Period, the Firm expended 19.80 hours, with a value of $4,405, on behalf of the Debtor on matters relating to the administration of the Case.

25. The services in this category include primarily: (a) advising and consulting with the Debtor with regard to Chapter 11 planning and strategy; (b) advising and consulting with the Debtor with respect to its powers and duties as debtor and debtor-in-possession; (c) conferring and meeting with creditors and other parties in interest; (d) preparing and/or filing on behalf of the Debtor all, statements, motions, applications, orders, monthly operating reports and other papers necessary to the administration of its estate; (e) appearing before this Court; and (f) performing all other necessary legal services and providing all other necessary legal advice to the Debtor in connection with the Case.

26. A breakdown of the professionals providing services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | 3.8 | $1,330 |
| Sara E. Lorber | Partner | $300 | 6.6 | $1,980 |
| David P. Holtkamp | Associate | $250 | 1.1 | $275 |
| Samuel Rodgers | Legal Assistant | $100 | 8.2 | $820 |
| | | **TOTALS:** | **19.80** | **$4,405** |

*Claims Administration (Exhibit A-2)*

27. During the Second Application Period, the Firm expended 4.3 hours with a value of $1,250 in connection with matters relating to claims administration.

28. The services in this category include primarily: (a) communicating with the Debtor regarding claims; and (b) prosecuting objections to claims, including attending hearings on claim objections and communicating with creditors regarding claim objections.

29. A breakdown of the professionals providing services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Sara E. Lorber | Partner | $300 | 3.5 | $1,050 |
| David P. Holtkamp | Associate | $250 | .8 | $200 |
| | | **TOTALS:** | **4.30** | **$1,250** |

*Matters Relating to Professionals (Exhibit A-3)*

30. During the Second Application Period, the Firm expended 25.9 hours with a value of $6,065, in connection with matters relating to the Debtor's professionals.

31. The services in this category include primarily: (a) preparing fee applications for the Debtor's professionals, including the Firm and the Debtor's accountant; (b) communicating with the Debtor regarding the fee applications; and (c) attending hearings on fee applications.

32. A breakdown of the professionals providing services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Sara E. Lorber | Partner | $300 | 3.8 | $1,140 |
| David P. Holtkamp | Associate | $250 | 18.1 | $4,525 |
| Samuel Rodgers | Legal Assistant | $100 | 3.7 | $370 |
| Jim Brescoll | Legal Assistant | $100 | .3 | $30 |
| | | **TOTALS:** | **25.9** | **$6,065** |

*Plan of Reorganization (Exhibit A-4)*

33. During the Second Application Period, the Firm expended 7.3 hours with a value of $2,040, in connection with the plan confirmation process.

34. The services in this category include primarily: (a) consulting with the Debtor and Lila Isaacs with regard to the plan; and (b) seeking extensions of time to for the Debtor to confirm a plan.

8

35. A breakdown of the professionals providing services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| William J. Factor | Partner | $350 | .9 | $315 |
| Sara E. Lorber | Partner | $300 | 3.1 | $930 |
| Jeff K. Paulsen | Associate | $250 | .4 | $100 |
| David P. Holtkamp | Associate | $250 | 2.7 | $675 |
| Samuel Rodgers | Legal Assistant | $100 | .2 | $20 |
| | | **TOTALS:** | **7.3** | **$2,040** |

*Matters Relating to Use of Cash Collateral (Exhibit A-5)*

36. During the Second Application Period, the Firm expended 1.5 hours with a value of $450, in connection the Debtor's use of cash collateral.

37. The services in this category include primarily: (a) consulting with the Debtor and the Debtor's secured creditor regarding the use cash collateral and requirements of the final agreed cash collateral order; and (b) working with the Debtor and its professionals to prepare budgets required by the Debtor's prepetition secured creditor.

38. A breakdown of the professionals providing services in this category is as follows:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Sara E. Lorber | Partner | $300 | 1.5 | $450 |
| | | **TOTALS:** | **1.5** | **$450** |

## BASIS FOR THE REQUESTED RELIEF

**I. COMPENSATION STANDARDS**

39. Under Section 330(a)(1)(A), the Court may award the professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

40. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach – multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus., Inc.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests,

become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

41. The Seventh Circuit has mandated that an "attorney's actual billing rate . . . is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is *strongly presumed* to be the market rate for his or her services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), *cert. denied*, 532 U.S. 1066 (2001).

42. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

43. The average hourly billing rate for the attorneys who performed the services – that is, the "lodestar" rate – is $303.00. This average rate is fair and reasonable in light of the services provided and the experience of the Firm's professionals. Moreover, the compensation requested by the Firm is reasonable based upon the customary compensation charged by comparably-skilled practitioners in either non-bankruptcy or bankruptcy cases.

II. **EXPENSE REIMBURSEMENT STANDARDS**

44. With respect to reimbursing expenses, the Court may award a professional person "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(B).

11

45. "An expense is necessary if it was incurred because it was required to accomplish the proper representation of the client." *In re Spanjer Bros., Inc.*, 191 B.R. at 749.

46. The Expenses were the actual and necessary expenses incurred on behalf of the Debtor and the Firm respectfully submits that the Expenses were required to accomplish the proper representation of the Debtor and the estate.

## NOTICE

47. Notice of this Application has been served on all creditors, Registrants in the Case and the Office of the United States Trustee.

## NO PRIOR REQUEST

48. No prior request for the relief requested by this Application has been made to this Court or to any other court.

WHEREFORE, the Firm respectfully requests that the Court enter an Order, substantially in the form submitted herewith:

A. Awarding the Firm the Requested Fees and Expenses;

B. Finally allowing the Firm's fees and expenses in the aggregate amounts of $118,302.50 and $4,523.21, respectively (inclusive of the Requested Fees and Expenses) (the "*Allowed Compensation and Expenses*");

C. Authorizing and ordering the Debtor to make payment of the Allowed Compensation and Expenses less the Retainer previously applied by the Firm;

D. Granting such other and further relief as this Court deems just and appropriate.

Dated: May 14, 2012                     Respectfully submitted,

                                                                                    THE LAW OFFICE OF WILLIAM J. FACTOR, LTD.

                                                                                    By: /s/ Sara E. Lorber

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF
   WILLIAM J. FACTOR, LTD.**
105 W. Madison St., Suite 1500
Chicago, IL 60602
Tel:   (847) 239-7248
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
        slorber@wfactorlaw.com