UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Hico Flex Brass Co., Inc., | ) | Case No. 10-54005 |
| | ) | |
| Debtor. | ) | |
| | ) | Hon. A. Benjamin Goldgar |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

Name of Applicant:                              Shaw Fishman Glantz & Towbin LLC

Authorized to Provide Professional Services to:  Richard M. Fogel, Trustee

Date of Order Authorizing Employment:            September 12, 2012, as of 8/1/12

Period for Which Compensation is sought:         February 1, 2014 – August 31, 2014

Amount of Fees sought:                           $1,710.00

Amount of Expense Reimbursement sought:          $16.82

This is an:    Interim Application _____        Final Application  X

This is the second application filed herein by this professional:

| Filed | Period | Requested | Allowed |
|---|---|---|---|
| May 14, 2013 | Aug. 3, 2012 – Mar. 31, 2013 | $9,175.50<br>$ 171.30 | $9,175.50<br>$ 171.30 |
| February 14, 2014 | Apr. 1, 2013 - Aug. 31, 2014 | $2,295.00<br>$   45.92 | $2,295.00<br>    45.92 |

Shaw Fishman Glantz & Towbin LLC

Date: August 28, 2014              By:   /s/ Richard M. Fogel, Trustee

{10414-001 CVR A0367318.DOC}

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| HICO FLEX BRASS CO., INC., | ) | Case No. 10-54005 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |

**FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC, AS COUNSEL FOR THE CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman"), counsel for Richard M. Fogel, not individually, but as chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Hico Estate") of Hico Flex Brass Co., Inc. (the "Debtor"), pursuant to Sections 330(a) and 331 of title 11, United States Code (the "Bankruptcy Code"), FED. R. BANKR. P. 2002(a)(6), 2016(a), and Local Bankruptcy Rule 5082-1, applies to the Court for the allowance of $1,710.00 in compensation for 3.80 hours of professional services rendered by Shaw Fishman as counsel to the Trustee (the "Final Compensation Request") for the period beginning February 1, 2014 through and including August 31, 2014 (the "Final Application Period") and the reimbursement of $16.82 for actual costs incurred incident to those services (the "Final Expense Request"). In support of this application (the "Application"), Shaw Fishman respectfully states as follows:

**INTRODUCTION**

1. On December 6, 2010 ("Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in this Court. On July 29, 2012 ("Conversion Date"), the Court entered an order converting the chapter 11 case to a case under chapter 7 and, shortly thereafter, the United States Trustee ("UST") appointed the Trustee as the interim chapter 7 trustee for the Estate. The first meeting of creditors was scheduled for September 11, 2012.

2. Prior to the Petition Date, the Debtor's primary business activity was sale and distribution of wholesale plumbing supplies in Chicago, Illinois. After the Petition Date, the business was conducted from a leased showroom and warehouse facility located in Machesney Park, Illinois.

3. The Debtor's business assets primarily consisted of displays, inventory, machinery and equipment, office furniture and equipment and certain other tangible property (the "Business Assets").

4. Bank of America, N.A., successor in interest by merger with LaSalle Bank National Association (the "Bank") had a pre-petition security interest in the Business Assets and other property of the Estate as well as a post-petition security interest in certain other property of the Estate pursuant to a series of cash collateral orders entered by the Court prior to the Conversion Date[1].

5. On September 4, 2012, the Trustee filed his Application to Employ Shaw Fishman as his counsel to in connection with the Case to assist with the administration of the Business Assets and provide other legal services (the "Retention Application"). On September 12, 2012, this Court entered an order granting the Retention Application (the "Retention Order") authorizing the employment of Shaw Fishman effective as of August 1, 2012.

6. This Court has core subject matter jurisdiction to hear and resolve this Application pursuant to 28 U.S.C. §§ 1334(b), 1334(e), 157(b)(2)(A), 157(b)(2)(M) and 157(b)(2)(N) and applicable local rules regarding the referral of cases under title 11 of the United States Code to this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Bank assigned its claim to 19TH Street Parcel LLC ("19th Street").

## SERVICES RENDERED BY SHAW FISHMAN

7.  On May 14, 2013, Shaw Fishman presented an application for interim compensation and reimbursement of expenses for legal services rendered during the period of August 3, 2012 through March 31, 2013 (the "First Application Period"). During the First Application Period, Shaw Fishman assisted the Trustee's administration of the Hico Estate by obtaining authority for the Trustee to sell the Business Assets at a public auction sale, by obtaining authority for the Trustee to fix a bar date for chapter 11 administrative claims, by obtaining authority for the Trustee to settle the chapter 7 administrative claim of the Debtor's landlord, and by obtaining authority for the Trustee to employ professionals, including an accountant to prepare income tax returns for the Hico Estate and special litigation counsel to pursue breach of fiduciary claims against certain insiders of the Debtor (the "Defendants").

8.  The Court awarded Shaw Fishman the sum of $9,175.50 for legal services rendered and the sum of $171.30 as reimbursement of expenses during the First Application Period.

9.  On October 29, 2013, the Court approved a settlement of the breach of duty claims wherein the Hico Estate received a cash payment of $90,000.00 and several secured and unsecured claims against the Hico Estate, including the claim of 19th Street, were waived. The defendants simultaneously settled a lawsuit filed by the U.S. Department of Labor and contributed funds to the Debtor's employee 401(k) retirement plan (the "Plan").

10. On March 11, 2014, Shaw Fishman presented an application for interim compensation and reimbursement of expenses for legal services rendered during the period of April 1, 2013 through January 31, 2014 (the "Second Application Period"). During the Second

Application Period, Shaw Fishman assisted the Trustee with the administration of the Hico Estate by preparing applications for interim compensation for Shaw Fishman and CJBS, LLC ("CJBS"), the accountants for the Trustee and an application to employ an independent fiduciary to terminate the Plan.

11. The Court awarded Shaw Fishman the sum of $2,295.00 for legal services rendered and the sum of $45.92 as reimbursement of expenses during the Second Application Period.

12. The independent fiduciary has completed the termination of the Plan and CJBS has filed final income tax returns for the Hico Estate. The Trustee has prepared a Final Report for the Hico Estate.

13. Throughout the Final Application Period, Shaw Fishman rendered 3.80 hours of legal and paraprofessional services in connection with its representation of the Trustee having an aggregate value of $1,710.00, for an average hourly rate of $450. Shaw Fishman provided professional services to the Trustee which are consistent in scope to those authorized in the Retention Order. All of the services for which compensation is requested were services which, in Shaw Fishman' billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

14. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Fishman' services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Fishman has classified its services into separate categories of services as follows:

| Description | Total Hours | Total Fees Incurred |
| --- | --- | --- |
| Administrative Matters | 0.90 | $405.00 |
| Employment/Compensation | 2.90 | $1,305.00 |

|  |  |  |
|---|---|---|
| Total | 3.80 | $1,710.00 |

15.     A detailed invoice (the "Invoice") containing time entries for each category is attached as <u>Exhibit A</u> to this Application. The following is a separate description of each of the Shaw Fishman categories, which generally describe the tasks performed. The Invoice provides detailed descriptions of all services rendered in each of the above categories and the timekeeper, date and amount of time expended in each category.

### Summary of Services Rendered By Professional

16.     In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| Professional | Position | Hourly Rate | Hours | Total Amount |
|---|---|---|---|---|
| Richard M. Fogel | Of Counsel | $450 | 3.80 | $1,710.00 |

17.     The hourly rates charged by Shaw Fishman compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals providing services to the Trustee in connection with the Case. Further, the amount of time spent by Shaw Fishman with respect to the Case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit to the Hico Estate.

18.     The results of Shaw Fishman' efforts in this regard have inured to the benefit the Hico Estate and to the interests of its creditors. Given the criteria set forth in § 330, namely (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the

{10414-001 APPL A0384413.DOC}                                                5

reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully submits that the requested interim compensation represents a fair and reasonable amount that should be allowed in full.

## EXPENSES

19. The actual and necessary costs expended by Shaw Fishman during the Application Period are detailed in Exhibit A. The requested reimbursement amount for expenses incurred is $16.82. All of the expenses for which reimbursement is sought are expenses that Shaw Fishman customarily recoups from all of its clients.

20. The specific expenses incurred during the Application Period for which reimbursement is requested are as follows:

| Category | Amount |
| --- | --- |
| Photocopy | $2.90 |
| Postage | $13.92 |
| **TOTAL:** | **$16.82** |

21. <u>Photocopy</u>: Photocopy charges include internal and outsourced copies. Generally, Shaw Fishman makes all copies internally. All internal copies are billed at a rate of $0.10 per page. Where a large copy job may be more efficiently conducted by an outside copying service, Shaw Fishman charges the actual costs for expenses incurred. Outsourced copying services may include binding or color copying.

22. <u>Postage.</u> Shaw Fishman seeks reimbursement only for the actual out-of-pocket charges incurred by it for postage. Postage charges are recorded on a manual log at the time a

mailing is done. The amount recorded reflects the total from the postage meter. This category includes out-of-pocket expenses incurred for federal express, shipping and messenger charges.

23. All expenses incurred by Shaw Fishman incidental to its services were customary and necessary expenses. All expenses billed to the Trustee were billed in the same manner as Shaw Fishman bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts

## COMPLIANCE WITH 11 U.S.C. § 504

24. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Fishman and any other firm, person or entity for the sharing of division of any compensation paid or payable to Shaw Fishman.

## NOTICE

25. A copy of this Application has been served upon the attorneys for the Debtor, the United States Trustee, and the parties on ECF service list. A notice of hearing has been served on all other creditors that have filed proofs of claim against the Hico Estate. In light of the nature of the interim relief requested and the time and expense involved in sending notice to all of the Debtor's creditors, Shaw Fishman requests that this Court find the notice provided for herein sufficient and waive and dispense with any further notice requirements.

WHEREFORE, Shaw Fishman requests the entry of an order, substantially in the form attached hereto, that:

    (a)    Allows Shaw Fishman $1,710.00 in interim compensation for the Final Application Period;

    (b)    Allows Shaw Fishman $16.82 in expense reimbursement for the Final Application Period;

(c)     Authorizes the Trustee to pay Shaw Fishman the entire amount of such allowed fees and expenses;

(d)     Deems the awards of interim compensation to be final awards;

(e)     Waives other and further notice of the hearing with respect to this Application; and

(f)     Provides Shaw Fishman with such additional relief as may be appropriate and just under the circumstances.

Dated:  August 28, 2014                                 Respectfully submitted,

                                                        Shaw Fishman Glantz & Towbin LLC

                                                        By:  /s/ Richard M. Fogel

Peter J. Roberts (#6239025)
Richard M. Fogel (#3127114)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151

{10414-001 APPL A0384413.DOC}                           8

## SHAW FISHMAN GLANTZ & TOWBIN LLC

321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151

Fed Tax ID: 36-3844420

Invoice 15487
August 31, 2014

Richard Fogel as Chapter 7 Trustee for Hico Flex Brass Co.,
c/o Shaw Gussis
Chicago, IL  60654

ID: 10414-001 - RF

Re: Trustee for Hico Flex Brass Company, Inc.

For Services Rendered Through  8/31/2014

**Please include Invoice Number with Payment**

| | |
|---|---|
| Current Fees | 1,710.00 |
| Current Disbursements | 16.82 |
| **Total Current Charges** | **1,726.82** |

# SHAW FISHMAN GLANTZ & TOWBIN LLC

321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151

Fed Tax ID: 36-3844420

| | |
|---|---|
| Richard Fogel as Chapter 7 Trustee for Hico Flex Brass Co., | August 31, 2014 |
| I.D. 10414-001 - RF | Invoice 15487 |
| Re: Trustee for Hico Flex Brass Company, Inc. | |

## Fees

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| **Administrative Matters** | | | | | |
| 03/10/14 | RF | To court to present applications for interim compensation | 0.90 | 450.00 | 405.00 |
| | | **Administrative Matters Totals** | **0.90** | | **405.00** |
| **Employment/ Compensation of Professionals** | | | | | |
| 02/14/14 | RF | Prepare second application for interim compensation for Shaw Fishman and notice of hearing for SF and CJBS fees | 1.10 | 450.00 | 495.00 |
| 08/28/14 | RF | Prepare final fee applications for Shaw Fishman and CJBS | 1.80 | 450.00 | 810.00 |
| | | **Employment/ Compensation of** | **2.90** | | **1,305.00** |
| | | **Total Fees** | **3.80** | | **1,710.00** |

## Disbursements

| Date | Description | | | Amount |
|---|---|---|---|---|
| 02/14/14 | Photocopy; Notice (C. Knez) | 29 | @ 0.10 | 2.90 |
| 02/28/14 | Postage; Postage for 2/1/14 - 2/28/14 | | | 13.92 |
| | **Total Disbursements** | | | **16.82** |
| | **Total Fees and Disbursements** | | | **1,726.82** |
| | **Total Current Charges** | | | **1,726.82** |

**SHAW FISHMAN GLANTZ & TOWBIN LLC**

321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151

Fed Tax ID: 36-3844420

| | | | | |
|---|---|---|---|---|
| Richard Fogel as Chapter 7 Trustee for Hico Flex Brass Co., | | | | August 31, 2014 |
| I.D. 10414-001 - RF | | | | Invoice  15487 |
| Re: Trustee for Hico Flex Brass Company, Inc. | | | | |

## Fee Recap

| | | Hours | Rate/Hour | Amount |
|---|---|---|---|---|
| Richard M. Fogel | Of-Counsel | 3.80 | 450.00 | 1,710.00 |
| | **Totals** | **3.80** | | **1,710.00** |

**SHAW FISHMAN GLANTZ & TOWBIN LLC**

321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151

Fed Tax ID: 36-3844420

| Richard Fogel as Chapter 7 Trustee for Hico Flex Brass Co., | August 31, 2014 |
|---|---|
| I.D. 10414-001 - RF | Invoice 15487 |
| Re: Trustee for Hico Flex Brass Company, Inc. | |

### Fee Recap by Task Code Description

| Task Code | Hours | Amount |
|---|---|---|
| Administrative Matters | 0.90 | 405.00 |
| Employment/ Compensation of Professionals | 2.90 | 1,305.00 |
| **Total Fees** | **3.80** | **1,710.00** |

# SHAW FISHMAN GLANTZ & TOWBIN LLC

321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151

Fed Tax ID: 36-3844420

| | |
|---|---|
| Richard Fogel as Chapter 7 Trustee for Hico Flex Brass Co., | August 31, 2014 |
| I.D. 10414-001 - RF | Invoice  15487 |
| Re: Trustee for Hico Flex Brass Company, Inc. | |

## Disbursement Recap

| | Amount |
|---|---|
| Photocopy | 2.90 |
| Postage | 13.92 |
| **Total Disbursements** | **16.82** |